Appeal from special term.

Action by Annie H. Westervelt against Elizabeth T. Morrelle. From an order striking out an answer as sham, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

J. J. Karby Kennedy, for appellant.

Chas. S. Clark, for respondent.

---

### ROSENBLATT v. HAYMANN et al.

(City Court of New York, General Term. March 6, 1899.)

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.
   A verdict on conflicting evidence will not be disturbed unless a clear preponderance of evidence in favor of one party or the other has been disregarded by the jury.

2. TRIAL—INSTRUCTIONS.
   An instruction on an issue not presented by the pleadings is properly refused.

3. APPEAL FROM JUDGMENT.
   Where an appeal is taken from the judgment only, and not from the order denying a new trial, the facts will not be reviewed.

Appeal from trial term.

Action by George H. Rosenblatt against Morris Haymann and others. Judgment for plaintiff. Defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Seward Baker, for appellants.

Samuel P. Goldman, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff and against the defendants for goods sold and delivered. The action was brought to recover the price of certain goods alleged to have been sold by the plaintiff to the defendants, and the answer was a general denial. The evidence upon the trial was conflicting as to what were the precise terms of the contract, namely, whether there was an actual sale and delivery to the amount stated, or whether only a portion of the goods charged to the defendants were actually purchased by them, and upon this conflict the case was submitted to the jury by the trial judge on a

charge which was eminently fair to the defendants, and the jury found thereon in favor of the plaintiff.

Where there is not such a preponderance of evidence in favor of the losing party upon a trial as to impress the mind of the court with the fact that the verdict of the jury has not been honestly and fairly reached, after a careful consideration of all the testimony, courts of appeal are not warranted in interfering to disturb such findings. It is peculiarly the province of the jury to pass upon questions of fact, and a verdict thus reached will not be set aside on appeal, unless it shall plainly appear that a preponderance of evidence in favor of one party or the other has been disregarded by the jury in its deliberations. No element of the kind appears in this case.

The request that the jury be instructed that, if they found that the goods were sold on 10 days' time, then the action was prematurely brought, was very properly refused, as no such issue was presented by the pleadings, nor was any application made for an amendment.

It will be noticed that no appeal was taken from the order denying the defendants' motion for a new trial. The appeal brings up the judgment only, and the facts are, therefore, not before us for review, and, upon the record as presented, we are unable to find any reason for disturbing the conclusion at which the jury arrived.

The judgment appealed from must therefore be affirmed, with costs.

FITZSIMONS, C. J., concurs.